J-A04007-23 & J-A04008-23

2023 PA Super 152

| IN THE INTEREST OF: R.R.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.L.D., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1357 MDA 2022 |

Appeal from the Decree Entered August 26, 2022
In the Court of Common Pleas of Clinton County Orphans' Court at
No(s): 2021-00019

| IN THE INTEREST OF: J.J.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.L.D., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1358 MDA 2022 |

Appeal from the Order Entered August 26, 2022
In the Court of Common Pleas of Clinton County Orphans' Court at
No(s): 2021-00020

| IN THE INTEREST OF: A.T.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: M.L.D., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1359 MDA 2022 |

Appeal from the Decree Entered August 26, 2022
In the Court of Common Pleas of Clinton County Orphans' Court at
No(s): 2021-00021

| IN THE INTEREST OF: R.R.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |

APPEAL OF: K.J.D., FATHER     :
                                  :
                                  :
                                  :
                                  :    No. 1360 MDA 2022

Appeal from the Decree Entered August 26, 2022
In the Court of Common Pleas of Clinton County Orphans' Court at
No(s): 19-2021

IN THE INTEREST OF: J.J.C., A    :    IN THE SUPERIOR COURT OF
MINOR                            :        PENNSYLVANIA
                                  :
                                  :
APPEAL OF: KJ.D., FATHER     :
                                  :
                                  :
                                  :
                                  :    No. 1361 MDA 2022

Appeal from the Decree Entered August 26, 2022
In the Court of Common Pleas of Clinton County Orphans' Court at
No(s): 2021-00020

IN THE INTEREST OF: A.T.D., A    :    IN THE SUPERIOR COURT OF
MINOR                            :        PENNSYLVANIA
                                  :
                                  :
APPEAL OF: K.J.D., FATHER     :
                                  :
                                  :
                                  :
                                  :    No. 1362 MDA 2022

Appeal from the Decree Entered August 26, 2022
In the Court of Common Pleas of Clinton County Orphans' Court at
No(s): 2021-00021

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

OPINION BY DUBOW, J.:                          **FILED: AUGUST 9, 2023**

In this consolidated appeal, M.L.D. ("Mother") and K.J.D. ("Father") (collectively, "Parents") appeal from the August 26, 2022 decree that terminated their parental rights to their children, twelve-year-old R.R.D., eight-year-old J.J.C., and six-year-old A.T.D. (collectively, "Children"), pursuant to 23 Pa.C.S. § 2511(a)(8).[1] After careful review, we conclude that the Agency failed to prove by clear and convincing evidence that the condition which led to the removal or placement of Children—inadequate housing—continues to exist as required by the statute. Accordingly, we reverse.

In its August 26, 2022 Opinion and Decree, the trial court authored a thorough, accurate, and comprehensive factual and procedural history, which we adopt for purposes of this appeal. Trial Ct. Op., filed 8/26/22, at 1-24. Briefly, in November 2018 the Clinton County Children and Youth Social Services (the "Agency") learned that Parents were living in a hotel, which the Agency deemed inadequate housing for Children. On November 7, 2018, the trial court awarded physical and legal custody of Children to their paternal aunt and her paramour. On January 29, 2019, the Agency obtained emergency custody of Children and placed them in foster care due to inadequate living conditions at the paternal aunt's home. The trial court adjudicated Children dependent on February 7, 2019, and Children remained in foster care. The court ordered Parents to participate in a mental health

---

[1] These appeals involve related parties and issues. Accordingly, we *sua sponte* consolidate the appeals at Nos. 1357, 1358, 1359, 1360, 1361, and 1362 MDA 2022. *See* Pa.R.A.P. 513.

evaluation, participate in a drug and alcohol evaluation, follow any recommended services, obtain suitable housing, and cooperate with supervised visitation with Children.

On August 5, 2021, the Agency filed petitions to involuntarily terminate Parents' parental rights to Children pursuant to Sections 2511(a)(2), (5), (8), and (b) of the Adoption Act.[2]  In its petitions, the Agency averred, *inter alia*, that Parents "have more consistently attended visits and **appear to have achieved stable housing**, but their interactions with [C]hildren during visits and responses thereto suggest a lack of engagement on the part of Father and an incapacity or inability on the part of Mother."  Petition, 8/5/21, at ¶ VI (emphasis added).

The trial court held hearings on August 23, 2021; December 22, 2021; February 24, 2022; April 12, 2022; May 23, 2022; and May 27, 2022.[3]  The Agency presented over twenty witnesses, including current and former Agency caseworkers, elementary school teachers, licensed psychologists, and current foster parents.  Father testified on his own behalf and presented testimony from Danial Plock, a Family Finding caseworker.  Mother presented testimony from guardian *ad litem* ("GAL") Patrick A. Johnson, Esq.

---

[2] The Agency amended the petitions on August 23, 2021, to include Sections 2511(a)(5) and (8) without objection.

[3] During the proceedings, the trial court appointed counsel to represent Children's legal interests and a guardian ad litem ("GAL") to represent Children's best interests.

On August 26, 2022, the trial court issued an Opinion and Decree which terminated Parents' parental rights to Children. Notably, the trial court denied the Agency's petitions pursuant to Sections 2511(a)(2) and (5). Specifically, the court found that while the Agency proved Mother's incapacity to parent and Father's "disinterest" in parenting, the Agency failed to offer appropriate services and, therefore, failed to prove that the incapacity or disinterest could not be remedied as required by Section 2511(a)(2). Trial Ct. Op. at 27-28. Moreover, the trial court evaluated Parents' remedial efforts and found that their "remedial efforts have been at least moderate as **the natural parents have adequate housing**, completed parenting classes, have been involved in mental health counseling, and continue to parent the youngest child . . . [they have] done almost everything that the Agency had requested." ***Id.*** at 32 (emphasis added). The trial court found that the Agency failed to provide the parents with available services to reunite Parents with Children, and, therefore the Agency failed to prove that "services or assistance reasonably available to the parent are not likely to remedy the conditions which led to the removal or placement of [Children] within a reasonable period of time" as required by Section 2511(a)(5). ***Id.*** at 29-32.

Nevertheless, the trial court granted the Agency's petition under Section 2511(a)(8). In doing so, the court conceded that Parents remedied the inadequate housing, but relied instead on the fact that Parents continue to exhibit an incapacity to parent Children. ***Id.*** at 33. The court also found that the Agency presented clear and convincing evidence to terminate pursuant to

Section 2511(b) because Children are beneficially bonded with their foster parents and there was expert testimony that no bond exists between Children and Parents. *Id.* at 36-37.

Parents timely appealed. Neither Mother nor Father filed a contemporaneous Pa.R.A.P. 1925(a) statement as required by Rule 1925(a)(2)(i) in Children's Fast Track cases, however each filed a Rule 1925(b) statement fourteen days after filing a notice of appeal. Prior to Parents filing their individual Rule 1925(b) statements, the trial court issued a Rule 1925(a) opinion concluding that Parents had waived all issues on appeal. As an initial matter, we disagree.

**A.**

Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i) provides that for Children's Fast Track appeals, the "concise statement of errors complained of on appeal **shall be filed and served with the notice of appeal**." Pa.R.A.P. 1925(a)(2)(i) (emphasis added). An appellant's failure to file the Rule 1925(b) statement contemporaneously with the notice of appeal, however, does not affect the validity of the appeal, but "is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken." *In re K.T.E.L.*, 983 A.2d 745, 747 (Pa. Super. 2009) (citing Pa.R.A.P. 902). When determining how to address a Children's Fast Track Appeal in which the appellant has not filed the Rule 1925(b)

statement contemporaneously with the notice of appeal, this Court has cautioned that "[t]he extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the party moving for quashal of the appeal has suffered no prejudice." *Id.* (citation omitted).

Here, the Agency and the GAL both purport to be prejudiced because the trial court did not opine on Parents' precise allegations of error. Agency Brief at 10; GAL Brief at 4-5. Our review of the record belies this claim. Parents' issues were readily discernable, and the trial court thoroughly addressed Parents' challenges to its decision in its 37-page Opinion and Decree that included extensive Findings of Fact and Conclusions of Law. *See* Trial Ct. Op. at 1-37. We conclude that Parents substantially complied with the requirements of Rule 1925 and the parties suffered no prejudice from Parents filing their individual Rule 1925(b) statements fourteen days after filing their notices of appeal. Accordingly, we decline to find waiver and will proceed to address the merits of Parents' appeal.

**B.**

In her Brief to this Court, Mother raises the following issues on appeal:

1. Did the trial court err in finding, under 23 Pa.C.S. § 2511(a)(8), the [Agency] met [its] burden by showing that "the conditions that led to the removal or placement of the child continue to exist[,"] despite that Mother and Father had resolved the initial cause of placement.

2. By erring in finding that the [Agency] had met [its] burden under [23 Pa.C.S. § 2511(a)(8)], did the trial court move to 23 Pa.C.S. § 2511(b) analysis in error.

Mother's Br. at 2-3.

Similarly, Father raises the following issue for our review:

1. Did the [l]ower [c]ourt have adequate grounds to terminate the parental rights of [Father]?

Father's Br. at 8.

In addressing Parents' issues, we are mindful of our well settled standard of review. When we review a trial court's decision to grant or deny a petition to involuntarily terminate parental rights, we must accept the findings of fact and credibility determinations of the trial court if the record supports them. *In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013). "If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion." *Id.* (citation omitted). "Absent an abuse of discretion, an error of law, or insufficient evidentiary support for the trial court's decision, the decree must stand." *In re R.N.J.*, 985 A.2d 273, 276 (Pa. Super. 2009) (citation omitted).

Section 2511 of the Adoption Act, 23 Pa.C.S. § 2511, governs termination of parental rights, and requires a bifurcated analysis. "Initially, the focus is on the conduct of the parent." *In re Adoption of A.C.*, 162 A.3d 1123, 1128 (Pa. Super. 2017) (citation omitted). "The party seeking termination must prove by clear and convincing evidence that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a)." *Id.* (citation omitted). If the court determines that the parent's

conduct warrants termination of his or her parental rights, the court then engages in "the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child." *Id.* (citation omitted).

Parents both aver that the trial court erred in terminating their parental rights pursuant to Section 2511(a)(8), which authorizes the trial court to terminate parental rights if the parent has not resolved the conditions which led to placement of Children. 23 Pa.C.S. § 2511(a)(8). Parents argue that the trial court found that the initial cause of placement was lack of adequate housing, which Parents have resolved and, thus, the trial court erred in terminating pursuant to this section. Mother's Br. at 6; Father's Br. at 12. We agree.

Section 2511(a)(8) provides:

> The child has been removed from the care of the parent by the court or under a voluntary agreement with an agency, 12 months or more have elapsed from the date of removal or placement, **the conditions which led to the removal or placement of the child continue to exist** and termination of parental rights would best serve the needs and welfare of the child.

23 Pa.C.S. § 2511(a)(8) (emphasis added).

In addressing this subsection, the trial court acknowledged that Mother had remedied the conditions which initially caused placement of Children, but nevertheless concluded that termination under Section 2511(a)(8) was proper. The court opined:

> the conditions which have caused this continued placement still exist. Although **adequate housing initially caused the placement**, which has been **resolved**, Father's nonengagement with [C]hildren and Mother's incapacity and/or inability to parent [C]hildren continues to exist and prevents reunification.

Trial Ct. Op. at 33.

A plain reading of the statute requires that "the conditions which **led** to the removal or placement . . . **continue** to exist." 23 Pa.C.S. § 2511(a)(8) (emphasis added). Here, the conditions which led to the removal or placement of Children do not continue to exist—in fact, the trial court found the conditions to be "resolved." Trial Ct. Op. at 33. The Agency, thus, failed to demonstrate that the reason for Childrens' removal continues to exist. The trial court's finding that Parents resolved their housing issue is supported in the record. Therefore, the court erred as a matter of law in terminating Parents' rights pursuant to Section 2511(a)(8). Accordingly, we reverse.[4]

**C.**

In conclusion, the Agency failed to prove by clear and convincing evidence that the condition which led to the removal or placement of Children—inadequate housing—continues to exist as required by the statute. Accordingly, we conclude that the trial court erred in terminating Parents' parental rights pursuant to Section 2511(a)(8).

---

[4] In light of our disposition, we need not address whether the court erred in terminating Parents' parental rights pursuant to Section 2511(b). We likewise decline to address whether the court erred in denying termination of parental rights under Sections 2511(a)(2) and (5) because this issue was not raised for our review.

Decree reversed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2023