J-S04042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DARLENA GRAVES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MIA M. GRAVES AND EUGENE D. | : | |
| WATSON | : | |
| | : | |
| | : | |
| APPEAL OF: MIA GRAVES | : | No. 2521 EDA 2023 |

Appeal from the Order Entered September 13, 2023
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s): XC0804474

BEFORE: BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.: **FILED APRIL 23, 2024**

Mia M. Graves ("Mother") appeals *pro se* from the order denying her petitions to find Eugene D. Watson ("Father") in contempt of court, granting her motion for change of venue, and relinquishing jurisdiction of this custody matter to Delaware, where Father resides with the parties' child, born in January 2008 ("Child"). We affirm.

Given our disposition, a detailed factual and procedural recitation is unnecessary. Briefly, this contentious custody dispute has been ongoing for several years and has twice been before this Court. *See Graves v. Graves*, 265 A.3d 688 (Pa. Super. 2021) ("*Graves I*"); *see also Graves v. Watson*, 285 A.3d 964 (Pa. Super. 2022) (unpublished memorandum) ("*Graves II*"). In the most recent appeal, this Court affirmed the January 4, 2022 custody

order entered by Honorable Mark B. Cohen which awarded sole physical and legal custody of Child to Father.[1] *See Graves II*, 285 A.3d 964.

Upon remand to the trial court, Mother filed two petitions to find Father in contempt, a petition for modification of custody, and a motion for change of venue to Montgomery County. On September 13, 2023, Judge Litwin conducted a hearing to address the various petitions and motions. At the conclusion of the hearing, Judge Litwin entered an order denying the petitions for contempt, granting the motion to change venue, and relinquishing jurisdiction of the custody matter to Delaware due to Child's residence in that state since 2020. Mother filed a timely notice of appeal of the September 13, 2023 order,[2] and the trial court directed Mother to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Mother filed a Rule 1925(b) statement; however, the trial court was unable to discern any clear allegation of error in the statement, noting that each of Mother's issues appeared to relate to matters addressed in prior court orders.

---

[1] Judge Cohen subsequently recused himself on February 28, 2022, and this matter was transferred to Honorable Leanne Litwin.

[2] Mother failed to comply with Pa.R.A.P. 1925(a)(2)(i), which requires a concise statement of errors complained of on appeal to be filed and served with the notice of appeal in a children's fast track appeal. However, Mother complied with the trial court's subsequent order to file a concise statement. Accordingly, we decline to find waiver on this basis. *See Interest of R.R.D.*, 300 A.3d 1077, 1080-81 (Pa. Super. 2023).

Given the trial court's inability to discern any claim of error in Mother's Rule 1925(b) statement, we must initially determine whether Mother has preserved any issues for appellate review. An appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. *See* Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge"). Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. *See Riley v. Foley*, 783 A.2d 807, 813 (Pa. Super. 2001). Importantly, a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all. *See B.K.P. v. J.R.B.*, 303 A.3d 456, 461 (Pa. Super. 2023). Indeed, when a court has to guess what issues an appellant is appealing because the appellant failed to adequately identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis pertinent to those issues. *See Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006).

Here, as indicated above, the trial court was unable to discern any clear allegations of error in Mother's Rule 1925(b) statement. *See* Trial Court Opinion, 12/6/23, at 9-10. Instead, the trial court determined that:

The crux of Mother's arguments appear[s] to be that the controlling custody order issued by Judge Mark Cohen is somehow "fraudulent," and that Father is a "kidnapper." It was explained to Mother by this court multiple times on the record, Judge Cohen's January 4, 2022[] order was affirmed by the Superior Court on appeal.

*Id*. at 9-10 (footnote omitted).

Our review of the record confirms that Mother's four-paged Rule 1925(b) statement consists of an issue-spotting narrative regarding her numerous claims of fraud and bias by various judges and court personnel involved in previous custody and support decisions entered in this matter since 2020. Mother also challenges her current child support payments and repeatedly insists that Father kidnapped Child. However, Mother's statement raises no discernable claim of error regarding the three discrete rulings contained in the September 13, 2023 order presently on appeal before this Court. Because Mother's statement is neither concise nor sufficiently specific and coherent to permit the trial court to understand the specific allegations of error and offer a rebuttal, we conclude that Mother's challenges to the trial court's September 13, 2023 order are waived.

In addition to Mother's waiver of issues due to her inadequate Rule 1925(b) statement, we observe that her brief fails to comply with the

Pennsylvania Rules of Appellate Procedure to such a degree that our review is fatally hampered.[3]

It is well-settled that appellate briefs must materially conform to the requirements of the Pennsylvania Rules of Appellate Procedure or risk this Court's quashal or dismissal of the appeal. **See** Pa.R.A.P. 2101; **see also** Pa.R.A.P. 2111-2119 (discussing the required content of appellate briefs and addressing specific requirements for each subsection of the brief). When an appellate brief fails to conform to the requirements set forth in our appellate rules, or issues are not properly raised and developed in briefs, or when the briefs are wholly inadequate to present specific issues for review, a Court will not consider the merits thereof. **See In re Ullman**, 995 A.2d 1207, 1211 (Pa. Super. 2010) (holding that appellate briefs must conform to the requirements set forth in the appellate rules); **see also Branch Banking & Trust v. Gesiorski**, 904 A.2d 939, 942-43 (Pa. Super. 2006) (holding that this Court will not consider the merits of issues not properly raised and developed in the appellate brief or when the briefs are wholly inadequate to present specific issues for review).

---

[3] Although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. **See Smithson v. Columbia Gas of PA/NiSource**, 264 A.3d 755, 760 (Pa. Super. 2021). A *pro se* litigant must comply with the rules set forth in the Pennsylvania Rules of the Court. **Id**.

Relevantly, Rule 2116(a) requires the appellant to include in the appellant's brief a statement of questions involved, and to state concisely therein the issues to be resolved. *See* Pa.R.A.P. 2116(a). The Rule expressly admonishes that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." *Id*.

In her statement of questions involved, Mother raised only one issue:

> This entire case consists upon fraud on the court, intrustic [*sic*] and extrinsic fraud, deprivation of rights under color of law.
>
> Abuse of discretion--**Judge Cohen** overrode Judge Fannings [*sic*] order, tried to convince [M]other that [C]hild was not kidnapped, deprived [M]other of all legal rights so that **he** could help [F]ather achieve his goal of defrauding not just the [M]other and [C]hild, but the court system in which **he** works. This was beyond unethical. **He** used his position to ensure that [M]other did not stand a chance. **He** never even read the appeal, let alone any of [M]others [*sic*] paperwork. **He** refused to view any of [M]others [*sic*] evidence.

Mother's Brief at 45 (emphasis added).

Notably, the sole issue raised in Mother's statement of questions presented concerns Judge Cohen's January 4, 2022 custody order,[4] and does not raise any issue regarding Judge Litwin's September 13, 2023 order. Thus, as Mother's statement of questions presented did not raise any issue pertinent to the order at issue in this appeal, and over which this Court presently has

---

[4] Moreover, given that Judge Cohen recused himself from this matter on February 28, 2022, it is clear that the entirety of Mother's question presented concerns matters which occurred prior to that date.

jurisdiction, any challenge to the September 13, 2023 order is waived due to a deficient statement of questions presented.

Finally, Rule 2119 requires an appellant's brief to present an argument for each issue on appeal which includes references to the certified record and a discussion of and citation to pertinent legal authority. *See* Pa.R.A.P. 2119. "Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *B.S.G. v. D.M.C.*, 255 A.3d 528, 535 (Pa. Super. 2021).

We observe that Mother's brief is devoid of any meaningful discussion of the discrete rulings included in the September 13, 2023 order. Mother does not identify the pertinent legal standards for those rulings, include any references to the certified record, or provide any discussion of or citation to legal authority pertinent to those rulings. Thus, any challenge to the September 13, 2023 order is waived for lack of development.

In sum, given the substantial defects in Mother's concise statement and appellate brief, we deem all issues regarding the September 13, 2023 order waived on appeal. For these reasons, we are constrained to dismiss the appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2024